UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CLOPAY CORPORATION,
                          Plaintiff,

          -v-

RONNIE SHEMESH and THE
EXCELSIOR PACKAGING GROUP,
INC.,
                          Defendants.

17-CV-10194 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

In this state-law fraud action, Plaintiff Clopay Corporation ("Clopay") seeks to recover a $1.3 million judgment that it holds against an allegedly insolvent company, The Excelsior Packaging Group, Inc. ("Excelsior"), by avoiding purportedly fraudulent conveyances from Excelsior to its sole shareholder, Defendant Ronnie Shemesh ("Shemesh"). Excelsior moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Clopay's claims against it. For the following reasons, Excelsior's motion is denied.

## I.    Background

The following factual allegations are drawn from Clopay's complaint (Dkt. No. 8 ("Compl.")), and for purposes of deciding this motion are assumed to be true.

On July 6, 2012, Clopay Plastic Products Company, Inc. ("Clopay Plastic")—a manufacturer of plastic films and laminates—filed suit in this Court against its customer, Excelsior, seeking damages for Excelsior's failure to pay for product shipments it had purchased on credit (the "Underlying Action"). (SDNY No. 12 Civ. 5262 ("*Clopay I*"), Dkt. No. 1.) After more than two years of litigation, Clopay Plastic prevailed on summary judgment (*Clopay I*, Dkt.

1

No. 89), and this Court entered a judgment against Excelsior in the amount of $1,332,905.63 (the "Underlying Judgment") (*Clopay I*, Dkt. No. 100).

The present dispute involves the so-far unsuccessful efforts of Clopay Plastic and its successor in interest, Clopay, to enforce the Underlying Judgment. Clopay Plastic's initial attempts to recovery directly from Excelsior bore no fruit because Excelsior had allegedly "ceased operations and sold substantially all of its assets shortly before entry of the [Underlying] Judgment." (*Clopay I*, Dkt. No. 104 at 1.) However, during post-judgment discovery proceedings in the Underlying Action, Clopay Plastic obtained deposition testimony and financial documents from Excelsior's accountants and bookkeepers that indicated that during 2012–2014, the years leading up to Excelsior's supposed insolvency, Excelsior had made substantial cash transfers to Shemesh on multiple occasions. (Compl. ¶¶ 32–52.) Subsequently, Clopay Plastic served Shemesh with a subpoena for his personal records, but Shemesh refused to comply. (*Clopay I*, Dkt. No. 104 at 2–3.) So on June 1, 2017, Clopay Plastic filed a letter in the Underlying Action requesting a conference to resolve this post-judgment discovery dispute. (*Id.* at 3.) At the conference, however, this Court declined to entertain the dispute. (Dkt. No. 21 at 4 n.2.) As of today, the Underlying Judgment remains unsatisfied except for $308.02 that was seized from a bank account in Excelsior's name. (Compl. ¶ 29.)

Clopay, having been assigned the Underlying Judgment by Clopay Plastic (Compl. ¶ 9), has now filed the instant suit. The complaint in the instant case alleges that the money transfers from Excelsior to Shemesh, along with certain personal charges made by Shemesh on Excelsior's business credit card, constitute fraudulent conveyances in violation of §§ 273, 273-a, 276, and 276-a of the New York Debtor and Creditor Law ("NYDCL"). Clopay seeks to avoid these conveyances and recover from Shemesh an amount sufficient to satisfy the Underlying

2

Judgment, with interest. As part of its claim under § 276-a of the NYDCL, Clopay also seeks to recover from both Defendants attorney's fees incurred in avoiding these alleged fraudulent conveyances.

Excelsior now moves to dismiss this case as against it under Rule 12(b)(6), arguing that Clopay's sole claim for relief against it—the claim for attorney's fees—is barred by *res judicata*.

## II. Legal Standard

To survive a motion to dismiss for failure to state a claim, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads facts that would allow "the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The Court must accept as true all well-pleaded factual allegations in the complaint, and 'draw[] all inferences in the plaintiff's favor.'" *Goonan v. Fed. Reserve Bank of New York*, 916 F. Supp. 2d 470, 478 (S.D.N.Y. 2013) (alteration in original) (quoting *Allaire Corp. v. Okumus*, 433 F.3d 248, 249–50 (2d Cir. 2006)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Additionally, claims sounding in fraud must satisfy not only Rule 12(b)(6), but also Rule 9(b); thus, claims for fraudulent conveyance must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Unlike pleadings analyzed solely under Rule 12(b)(6), "Rule 9(b) pleadings cannot be based upon information and belief." *DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987). That said, as for a defendant's state of mind, "Rule 9(b) provides that fraudulent intent 'may be averred generally,' as long as the complaint provides a factual basis that gives rise to a strong inference of intent to

3

defraud, knowledge of the falsity, or a reckless disregard for the truth." *Marvullo v. Gruner & Jahr AG & Co.*, No. 98 Civ. 5000, 2001 WL 40772, at *5 (S.D.N.Y. Jan. 17, 2001).

**III. Discussion**

As discussed above, Clopay seeks recovery from Shemesh of fraudulent conveyances pursuant to §§ 273, 273-a, 276 of the NYDCL, as well as an award of attorney's fees from both Defendants under § 276-a. Excelsior moves to dismiss all claims against it on the ground that the only claim that would require action or payment by Excelsior should Clopay prevail—the claim for attorney's fees—is precluded by the *res judicata* effect of the Underlying Judgment.[1] Clopay contends that *res judicata* does not apply. This Court agrees with Clopay and thus need not reach the question of whether dismissal of the attorney's fees claim against Excelsior would require dismissal of all claims against Excelsior.

"We apply federal law in determining the preclusive effect of [the Underlying Judgment]." *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002). "Under the doctrine of res judicata . . . a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were or could have been raised in that action." *Id.* at 286–87. "Th[is] doctrine was created to address the fundamental need of any judicial system for finality," so that "a claim . . . which [the] parties had a full and fair opportunity to litigate

---

[1]Excelsior mentions issue preclusion once as an additional ground for dismissal but never develops this argument. (Dkt. No. 21 at 1.) The doctrine of issue preclusion "bars litigation of an issue when '(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits.'" *Proctor v. LeClaire*, 715 F.3d 402, 414 (2d Cir. 2013) (quoting *Ball v. A.O. Smith Corp.*, 451 F.3d 66, 69 (2d Cir. 2006)). It is clear from the record that no issues relating to Clopay's attorney's fees claim have ever been litigated in the Underlying Action. Therefore, Excelsior's issue-preclusion argument, to the extent it has raised one, fails.

4

should . . . forever be put to rest as between those parties" after judgment. *Neshewat v. Salem*, 365 F. Supp. 2d 508, 516 (S.D.N.Y. 2005) (second alteration in original) (citation omitted). Accordingly, "a [prior] judgment[] does not ordinarily bar claims that have not yet accrued," *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 504 (2d Cir. 2014), because such claims "could not possibly have been sued upon in the previous case," *Marvel Characters, Inc.*, 310 F.3d at 287 (quoting *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 328 (1955)).

In the case at bar, the parties do not dispute that (1) the Underlying Action resulted in a final judgment on the merits—the Underlying Judgment, which Excelsior has failed to satisfy—and (2) Excelsior and Clopay, or their privies, were parties to the Underlying Action. The only issue is whether the attorney's fees claim asserted in this fraudulent-conveyance action was, or could have been, raised in the Underlying Action. Excelsior's theory appears to be that since Clopay's predecessor in interest, Clopay Plastics, could have asserted fraudulent-conveyance claims, including the attorney's fees claim against Excelsior in the post-judgment proceedings in the Underlying Action, Clopay may not do so now in a separate action. This Court disagrees.

"Whether a claim that was not raised in the previous action could have been raised therein 'depends in part on whether the same transaction or connected series of transactions is at issue, and whether the same evidence is needed to support both claims.'" *Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001) (quoting *Interoceanica Corp. v. Sound Pilots, Inc.*, 107 F.3d 86, 90 (2d Cir. 1997)). Here, though, Clopay's fraudulent-transfer claims, and the associated attorney's fee claim, are not based on the same "transaction" as were the claims asserted by Clopay Plastic in the Underlying Action. Indeed, the two sets of claims are related in neither time nor origin: Whereas Clopay Plastic's breach-of-contract claims are based on Excelsior's conduct prior to institution of the Underlying Action, Clopay's fraudulent-transfer and attorney's fees claims are

5

based on Excelsior and Shemesh's subsequent, allegedly fraudulent efforts to prevent Clopay Plastic from executing the judgment it eventually secured as a result of the Underlying Action. Clopay Plastic could hardly have brought the latter claims as part of the Underlying Action, in other words, as they are necessarily predicated on Clopay Plastic's having secured the Underlying Judgment in the first place. *See id.* at 92 (holding that breach-of-contract claims presented in an arbitration proceeding were not part of the same transaction as subsequent indemnification claims arising out of efforts to execute the arbitral award and that the arbitration proceeding therefore did not preclude those claims); *cf. also Am. Federated Title Corp. v. GFI Mgmt. Servs., Inc.*, 39 F. Supp. 3d 516, 524 (S.D.N.Y. 2014) ("For a claim to be barred based on the fact that it *could* have been brought in a prior action, the claim logically must have arisen before the prior action.").

The remaining question, then, is whether the post-judgment proceedings that followed the Underlying Judgment preclude Clopay's claims here. It is true that "supplemental proceedings," such as post-judgment proceedings, "may lay the foundation for application of *res judicata*." *Eckhaus v. Blauner*, No. 94 Civ. 5635, 1997 WL 362166, at *5 (S.D.N.Y. June 26, 1997). However, post-judgment proceedings have *res judicata* effect only if such proceedings have culminated in a final judgment. *Compare id.* at *5–6 (refusing to apply *res judicata* where the supplemental proceedings did not result in a judgment), *with Ren-Cris Litho, Inc. v. Vantage Graphics, Inc.*, No. 96-7802, 1997 WL 76860, at *6 (2d Cir. 1997) (unpublished opinion) (affirming a lower court's holding that a judgment from a New York state-court enforcement proceeding has *res judicata* effect on a subsequent federal action arising from the same facts). In the present case, this Court never entered any judgment during the post-judgment proceedings of the Underlying Action, nor did it resolve any fraudulent-conveyance or attorney's fees claims.

6

Even if it is true that Clopay Plastics could have raised such claims during the post-judgment proceedings, it was "not required to do so, and [its] election not to do so is not penalized by application of res judicata to bar a later suit." *S.E.C. v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1464 (2d Cir. 1996).

Consistent with the foregoing, courts in this District regularly entertain attorney's fees claims under § 276-a where those claims could have been brought in the post-judgment proceedings of prior actions. *See e.g., JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc.*, 295 F. Supp. 2d 366, 382 (S.D.N.Y. 2003); *Neshewat*, 365 F. Supp. 2d at 522. This consistent judicial practice bolsters this Court's conclusion that *res judicata* does not preclude Clopay's claims here, including its attorney's fees claim against Excelsior.

## IV. Conclusion

For the foregoing reasons, Excelsior's motion to dismiss is DENIED.

The Clerk of Court is directed to close the motion at Docket Number 20.

SO ORDERED.

Dated: November 16, 2018
New York, New York

_____
J. PAUL OETKEN
United States District Judge